# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, | CASE NO. 1:09-cv-01829-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| PAYLESS TOWING, et al., | |
| Defendants. | |
| _____ / | (doc. 4) |

When a plaintiff is proceeding in forma pauperis, the court is required to screen each case and to dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). On November 17, 2009, this court granted plaintiff John Frederick Wheeler's motion to proceed in forma pauperis but dismissed his complaint with leave to amend within thirty days, to allow plaintiff to amend or supplement his complaint to state a cognizable claim (doc. 3). On December 10, 2009, plaintiff filed a first amended complaint (doc. 4). Because the complaint still fails to state a cognizable federal claim, the undersigned recommends that this case be dismissed.

I. **Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); F.R.Civ.P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

If a court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the plaintiff could cure the complaint's deficiencies through amendment or supplementation.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). But when it becomes obvious that the plaintiff cannot prevail on the facts that he has alleged and that further amendment would be futile, the court may properly dismiss a pro se complaint. <u>Id.</u> at 1128.

## II. **Plaintiff's Complaint**

### A. **Plaintiff's Complaint**

Plaintiff alleges that, after he purchased a truck at a yard sale and paid the full purchase price, defendant Payless Towing stole the vehicle from his home, ostensibly to repossess it for unpaid debt. Thereafter, defendants Payless Towing, American Lien Sales, Jacqueline M. Clowes, Rickenbacker Collection Services, Angel Perez, and Angel Smith (collectively, the "private defendants") Services wrongfully acted to collect from plaintiff $722.00 for expenses associated with repossessing the truck.  Plaintiff alleges claims against the private defendants under 42 U.S.C. § 1983 and California law.

Plaintiff further alleges that the Bakersfield Police Department violated his constitutional rights by refusing to accept his report of the vehicle's theft.

### B. Civil Rights Claims

Section 1983 provides, on pertinent part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim pursuant to § 1983, a plaintiff must plead (1) that defendants acted under color of state law at the time of the commission of the act about which he or she complains and (2) that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). The statute requires an actual connection between the defendants' actions and plaintiff's alleged deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law. *Gibson*, 781 F.2d at 1338. Generally, private parties do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992). Because the Constitution only protects individual rights against government action, a plaintiff's right are only violated under § 1983 if the defendants' actions are fairly attributable to the government, as when the state is significantly involved in the actions in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

In this case, the private defendants are not state actors. Mere acquiescence by police in repossession of a plaintiff's property does not convert repossession into state action. *Meyers v. Redwood City*, 400 F.3d 765, 767-68 (9th Cir. 2005); *Harris v. City of Roseburg*, 664 F.2d 1121,

1126-27 (9th Cir. 1981). Because plaintiff alleges only that the Bakersfield Police Department acquiesced in the private defendants' repossession of his truck, he does not allege the state action resulting in deprivation of federally protected rights that is required to maintain a § 1983 action. Accordingly, the undersigned recommends dismissal, without prejudice, of plaintiff's § 1983 claims against all defendants.

### C. State Claims

Plaintiff also alleges multiple state claims, including conversion (theft), infliction of mental and emotional distress, and extortion. Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction (as by §1983), the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). If judicial power exists under § 1367(a), a federal court may exercise of supplemental jurisdiction over state law claims. *Id* "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). Because no cognizable federal claims have been alleged in this case, the undersigned recommends that plaintiff's state claims should also be dismissed.

### III. Recommendation

The undersigned **HEREBY RECOMMENDS** that this case be dismissed without prejudice. These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

Court, Eastern District of California.  Within thirty (30) days after being served with a copy, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive his right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 10, 2010**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE